RECEIVED
APR 1 2 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MR. ROBERT LEE EDWARDS,                :
                                       :   Civil Action No. 13-0827 (MAS)
            Plaintiff,                 :
                                       :
       v.                              :   **MEMORANDUM OPINION**
                                       :
OFFICER E. JONES,                      :
                                       :
            Defendant.                 :

**APPEARANCES:**

Plaintiff <u>pro se</u>
Robert Lee Edwards
Adult Diagnostic and Treatment Center
8 Production Way
Avenel, NJ  07001

**SHIPP**, District Judge

　　This matter was opened to the Court by Plaintiff Robert Lee Edwards's submission of a Letter [1] addressed both to this Court and to the "Federal Prosecutor(s)." The Letter alleges that Mr. Edwards is a state prisoner confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey. The Letter further alleges that a corrections officer named E. Jones has made inappropriate sexual comments to Mr. Edwards, has forced him to work at the facility, and has falsely accused Mr. Edwards of possessing a prohibited weapon. Finally, Mr. Edwards requests that Officer E. Jones be prosecuted and states that, if he is not prosecuted that "shall result in the Breach of Contract, and open the door for me to file a 42 U.S.C. § 1983 suit." (Letter at 10.)

The Clerk of the Court has construed the Letter as a civil complaint and docketed it as received on February 7, 2013.

IT APPEARING THAT:

It appearing that Mr. Edwards does not, at the present time, seek to assert any civil claims against Officer E. Jones, this Court does not construe the Letter as a civil complaint and will direct the Clerk of the Court to administratively terminate this action.

In the alternative, to the extent the Letter could be construed as a civil complaint, it is subject to administrative termination or dismissal without prejudice on the following grounds.

As an initial matter, Mr. Edwards neither prepaid the filing fee for a civil action nor applied for leave to proceed in forma pauperis. The filing fee to commence a civil action is $350. Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, this Court may permit an indigent plaintiff to proceed in forma pauperis.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which

amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Any civil plaintiff must pay the filing fee and, under certain circumstances, even if the full filing fee, or any part

of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Court notes that Mr. Edwards has incurred at least one such strike. See Edwards v. Trenton's Police Department, Civil Action No. 00-4874 (D.N.J.).

In this action, Mr. Edwards failed either to prepay the filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified

institutional account statement. See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007). Accordingly, to the extent the Letter could be construed as a civil complaint, it would be subject to administrative termination for failure to satisfy the filing fee requirement.

In addition, the only relief that Mr. Edwards requests is that this Court initiate criminal proceedings against Officer E. Jones. Authorities are in agreement, however, that the submission by a private party of a civil rights complaint, or a purported criminal complaint, in federal court is not the appropriate manner in which to initiate criminal proceedings.

> A private person may not prosecute a federal criminal complaint. Prosecution of a federal crime is the prerogative of the United States through the attorney general and his delegates, the United States attorneys. 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."); The Confiscation Cases, 74 U.S. 454, 457 (1868) ("Public prosecutions, until they come before the court to which they are returnable, are within the exclusive direction of the district attorney, [...]"); ...; United States ex rel. Savage v. Arnold, 403 F.Supp. 172, 174 (E.D. Pa. 1975); United States v. Panza, 381 F.Supp. 1133, 1133-35 (W.D. Pa. 1974) (reciting history of rule); ... .

Peters v. Beard, 2006 WL 2174707 (M.D. Pa. June 13, 2006) (Report and Recommendation) (citations omitted), adopted by, 2006 WL 2175173 (M.D. Pa. Aug. 1, 2006). See also Higgins v. Neal, 52

5

F.3d 337, 1995 WL 216920 (10th Cir. 1995) (unpubl.) (collecting cases); Caracter v. Avshalumov, 2006 WL 3231465 (D.N.J. Nov. 8, 2006) (collecting cases); Stoll v. Martin, 2006 WL 2024387 (N.D. Fla. July 17, 2006) (collecting cases).

Nevertheless, if a purported criminal complaint warrants action, a court may refer it to the United States Attorney for action. Savage, 403 F.Supp. at 174. The commencement of a criminal action is governed in part by Federal Rules of Criminal Procedure 3 and 4, which provide some guidance in determining whether a purported criminal complaint merits reference to the United States Attorney. Rule 3 provides, "The complaint is a written statement of the essential facts constituting the offense charged. ... [I]t must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer." Rule 4 provides, in pertinent part, "If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it."

Here, Mr. Edwards's allegations are not sufficient to establish probable cause to believe that Officer E. Jones violated any federal criminal statute. This Court perceives no reason, on the basis of the facts before it, to refer this matter to the United States Attorney.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Letter complaint or assessing a filing fee. It does not appear that Mr. Edwards can cure the deficiencies of this "pleading" by any amendment.

An appropriate Order will be entered.

_____
Michael A. Shipp
United States District Judge

Dated: 4/12/13